**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

        **v.**                               **Criminal Action No. 1:05CR53**

**JESSICA BILLINGS,**
        **Defendant.**

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal rule of Criminal Procedure 11. On the 23rd day of June, 2005, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by Sherry Muncy, Assistant United States Attorney, and also came the Defendant in person and by her attorney, Michael Sharley.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a One-Count Information.

Counsel for the Government advised the Court that the agreement to plead guilty in this case had been reduced to a written plea agreement which the Court had counsel for the Government summarize for the Court in the presence of Defendant. Defendant's counsel stated the summarization of the written plea bargain agreement was correct. The Court ORDERED the written Plea Agreement filed.

Thereupon, the Court placed Defendant under oath, and thereafter inquired of Defendant's counsel as to Defendant's understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Thereupon,

1

the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Jessica Billings, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

Thereupon, the Government tendered and asked leave to file the One-Count Information referred to in the written plea agreement, said information charging Defendant with a single offense, that of aiding and abetting another person in unlawfully, knowingly and intentionally possessing with the intent to distribute approximately .39 grams of cocaine base, also known as "crack," within

1000' of Washing Irving Middle School, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860, and Title 18 United States Code, Section 2.

Prior to filing said Information, the undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her Constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment, to which Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned then reviewed with Defendant the one-count Information, her rights pursuant to F.R. Cr. P 5, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the one-count Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her, and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of at least one (1) year and not more than forty (40) years, understood that a fine of not more than $2,000,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to at least six (6) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony

conviction payable on or before the date of sentencing. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated May 13, 2005, and signed by her on May 19, 2005, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. Defendant stated she understood the terms of the written plea agreement and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government as to the non-binding aspects of said written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty,

Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in the one count Information, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

The undersigned further inquired of Defendant, her counsel, and the government, as to the non-binding Stipulation contained in the written Plea Agreement, that provides:

> [O]n or about August 3, 2004, at or near Clarksburg, Harrison County, West Virginia, the defendant, aided and abetted by another individual, unlawfully, knowingly and intentionally possessed with the intent to distribute approximately .39 grams of cocaine base, also known as "crack" within 1000' of Washington Irving Middle School. The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least 250 milligrams but less than 500 milligrams of cocaine base.

The undersigned then determined that Defendant understood the Court is not bound by the above stipulation and is not required to accept same. Defendant further understands and agrees that should the Court not accept the above stipulation, she will not have the right to withdraw her plea.

The undersigned further examined Defendant with regard to her understanding of the impact of her conditional waiver of her direct and collateral appeal rights as contained in her written Plea Agreement, and determined she understood those rights and, subject to the conditions set forth in the agreement, voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

5

The undersigned then reviewed with Defendant the One-Count Information, including the elements the United States would have to prove at trial, charging her with aiding and abetting another person in unlawfully, knowingly and intentionally possessing with the intent to distribute approximately .39 grams of cocaine base, also known as "crack," within 1000' of Washington Irving Middle School, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860, and Title 18 United States Code, Section 2.

The Court then received the sworn testimony of Robert Ankrom, and Defendant's under-oath allocution to or statement of why she believed she was guilty of the charge contained in the Information.

Robert Ankrom testified that he is a Harrison County, West Virginia Deputy Sheriff assigned to the Harrison/Lewis County Drug Task Force. He was involved in an investigation on or about August 3, 2004, involving a controlled buy. He met with a confidential informant ("CI"), to whom he provided $100.00 cash, a video camera, and transformer. He drove the CI to Defendant's residence on Sixth Street in Clarksburg, West Virginia. The CI met with Defendant and inquired about purchasing $100.00 worth of crack cocaine. Defendant had a discussion with Co-Defendant Steven Smith concerning contacting someone to obtain the crack. Smith left and came back, stating, "She would be on her way." Deputy Ankrom testified "She" was Co-Defendant Beth Allevato. Allevato arrived, gave the CI the crack, and the CI gave Allevato the cash. The transaction occurred within 1000 feet of the Washington Irving, Middle School, within the Northern District of West Virginia. The drugs were sent to the West Virginia State Police laboratory, and confirmed to be .39 grams of cocaine base.

Defendant testified she was guilty of the crime charged because she "helped other people get crack next to the school." She also testified she knew it was crack, and that the school was Washington Irving Middle School.

From the testimony of Deputy Ankrom, the undersigned Magistrate Judge concludes the offense charged in the Information is supported by an independent basis in fact concerning each of the essential elements of such offense. Defendant's allocution supports this conclusion.

Thereupon, Defendant, with the consent of her counsel, Michael Sharley, proceeded to enter a verbal plea of guilty to the felony charge contained in the Information.

After having cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11, the undersigned Magistrate Judge determined that Defendant's guilty plea was knowledgeable and voluntary as to the charge contained in the Information and was supported by an independent basis in fact. The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States

District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

It is further **ORDERED** that Defendant be continued in the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 8th day of July, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE